UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


In re: TERRI L. STEFFEN

_____

TERRI L. STEFFEN,

                 Appellant,

v.                                          Case No.  8:08-cv-2337-T-24

UNITED STATES OF AMERICA,

                 Appellee.
_____/

## <u>ORDER</u>

This cause comes before the Court on Appellee's Motion to Dismiss Appeal.  (Doc. No.

19).  Appellant has filed a brief in opposition (Doc. No. 25), to which Appellee has filed a reply

brief (Doc. No. 32).

This case involves an appeal by Steffen, the debtor in a Chapter 7 bankruptcy proceeding,

of a bankruptcy court order determining her 1991, 1992, and 1993 income tax liabilities.  (Doc.

No. 1-3).  In the instant motion, the United States seeks dismissal of Steffen's appeal, arguing

that she lacks standing to pursue the appeal.  As explained below, the motion is denied.

The Eleventh Circuit has explained the test for determining standing to appeal a

bankruptcy court's order:

> A person has standing to appeal an order of a bankruptcy court if she is a "person
> aggrieved" by the order.  "Aggrieved" parties in the bankruptcy context are those
> parties having a direct and substantial interest in the question being appealed.
> The person-aggrieved doctrine is more restrictive than traditional Article III
> standing, as it allows a person to appeal a bankruptcy order only when they are
> directly and adversely affected pecuniarily by the order.  Thus, standing is limited

to persons with a financial stake in the order being appealed such that the order diminishes her property, increases her burden, or impairs her rights.

In re Vick, 233 Fed. Appx. 897, 899 (11th Cir. 2007)(internal quotation marks and citations omitted).

Steffen argues that she has standing to appeal the bankruptcy court's order because the tax liability determined in that order is not dischargeable in her bankruptcy proceeding, and thus, she will remain liable post-bankruptcy. As such, she argues that she has a financial stake in this appeal, because if successful on appeal, she would be able to reduce or eliminate her post-bankruptcy liability for these taxes.

Generally, Chapter 7 debtors do not have standing to appeal a bankruptcy court's order, subject to two exceptions. One of the exceptions is when the debtor is objecting to a claim that will not be discharged in the bankruptcy proceeding. See, e.g., In re Lona, 393 B.R. 1, 4 (N.D. Ca. 2008); In re Wellman, 378 B.R. 416, n.5 (9th Cir. BAP 2007); Monus v. Lambros, 286 B.R. 629, 634-35 (N.D. Ohio 2002)(citing Abel v. Campbell, 334 F.2d 339, 341 (5th Cir. 1964), and Menick v. Hoffman, 205 F.2d 365, 366-67 (9th Cir. 1953)); In re Willard, 240 B.R. 664, 668 (D. Conn. 1999); In re Toms, 229 B.R. 646, 651 (E.D. Pa. 1999). Since the United States does not dispute that the claim at issue is not dischargeable, Steffen has standing to appeal.

Accordingly, it is ORDERED AND ADJUDGED that Appellee's Motion to Dismiss Appeal (Doc. No. 19) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 31st day of March, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

2